**Fill in this information to identify your case:**

Debtor 1: Michael Robert Laird
(First Name / Middle Name / Last Name)

Debtor 2: _____
(Spouse, if filing) (First Name / Middle Name / Last Name)

United States Bankruptcy Court for the: District of South Carolina

Case number: 22-03575-eg
(If known)

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification

☐ Post-confirmation modification

_____

_____

_____

District of South Carolina

# Chapter 13 Plan

05/22

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☒ Not included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | ☒ Not included |

### Part 2: Plan Payments and Length of Plan

2.1 The debtor will pay the trustee as follows:

**$1,140.00 per month for 36 months**

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court, unless otherwise ordered.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☐ The debtor will make payments pursuant to a payroll deduction order.

☒ The debtor will make payments directly to the trustee.

☐ Other (specify method of payment): _____.

2.3 **Income tax refunds.**

*Check one.*

☒ The debtor will retain any income tax refunds received during the plan term.

☐ The debtor will treat income tax refunds as follows:

_____

_____

2.4 **Additional payments.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ The debtor will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

_____

### Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

3.1 **Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ **3.1(a)** The debtor is not in default and will maintain the contractual payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor.

| Name of Creditor | Collateral |
|---|---|
| Guild Mortgage Company | House and lot located at 10 Brigadoon Place, Charleston, SC 29414 |

*Insert additional claims as needed.*

☐ **3.1(b)** The debtor is in default and will maintain the contractual payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| | | Includes amounts accrued through the [Month/Year] payment. | | (or more) |

*Insert additional claims as needed.*

☐ **3.1(c)** The debtor will make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

☐ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

*Insert additional claims as needed.*

☐ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

**3.2 Request for valuation of security and modification of undersecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ **Non-governmental claims.** The debtor requests that the Court determine the amount of the secured claims listed below, as set out in the column headed *Amount of secured claim*. Unless otherwise ordered by the Court, a proof of claim sets the total amount of a claim, but the plan controls the amount of the secured claim, unless a lower secured claim amount is acknowledged in the proof of claim. The amount of the secured claim will be paid in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.

Unless otherwise stated in Part 8.1, any applicable taxes and insurance related to the collateral shall be paid directly by the debtor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ____% | $_____ (or more) |

*Insert additional claims as needed.*

☐ **Governmental claims.** The debtor's proposed *Amount of secured claim* for purposes of estimating plan funding is listed below. After the claim is filed or after the deadline to file a claim, the debtor will file either: (1) a motion to determine the amount of the secured claim, or (2) an objection to the proof of claim. Unless otherwise ordered by the Court, the governmental unit's secured claim amount listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. The amount of the secured claim will be paid in full with interest at a rate stated below,

with any priority amounts of the unsecured claim paid under Part 4, and any general unsecured amounts paid under Part 5.

Unless otherwise stated in Part 8.1, any applicable taxes and insurance related to the collateral shall be paid directly by the debtor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ____% | $_____ (or more) |

*Insert additional claims as needed.*

**3.3 Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☒ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered, the applicable proof of claim sets the amount to be paid at the interest rate set below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise stated in Part 8.1, any applicable taxes and insurance shall be paid directly by the debtor. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or discharge under § 1328.

| Name of creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| <u>Ford Motor Credit</u> | <u>2019 Ford Fiesta</u> | $15,305.00 | 5.25% | <u>$461.00</u><br>**(or more)**<br><br>**Disbursed by**<br>☒ **Trustee**<br><br>☐ **Debtor** |

*Insert additional claims as needed.*

**3.4 Lien avoidance.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☒ The Debtor(s) state that the judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of an order, whether included in the order confirming the plan or otherwise avoiding liens or security interests. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance.*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| _____ | $_____ | $_____ | _____ | $_____ | $_____ | $_____ |

*Use this form for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| | $ | $ | | $ | $ | $ | $ |

*Insert additional claims as needed.*

### 3.5  Surrender of collateral.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☐ The debtor elects to surrender the collateral that secures the claim of the creditor listed below. A copy of this plan must be served on all co-debtors. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

| Name of creditor | Collateral |
|---|---|
| | |

*Insert additional claims as needed.*

## Part 4:  Treatment of Fees and Priority Claims

### 4.1  General

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2  Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case.

### 4.3  Attorney's fees

   a.  The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

   b.  If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

### 4.4  Priority claims other than attorney's fees and those treated in § 4.5.

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further modification of the plan.

*Check box below if there is a Domestic Support Obligation.*

☐ **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

   a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to _____ (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*
   b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.
   c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see* 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid |
|---|---|
| _____ | $ _____ |
| | Disbursed by |
| | ☐ Trustee |
| | ☐ Debtor |

*Insert additional claims as needed.*

**Part 5:    Treatment of Nonpriority Unsecured Claims**

**5.1 Nonpriority unsecured claims not separately classified.** *Check one.*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☒ The debtor estimates payments of less than 100% of claims.

☐ The debtor proposes payment of 100% of claims.

☐ The debtor proposes payment of 100% of claims plus interest at the rate of ___%.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor will maintain the contractual payments and cure, through the trustee, any prepetition default in payments on the unsecured claims listed below.

| Name of creditor | Contractual payment (paid by the debtor) | Estimated amount of arrearage through month of filing or conversion | Monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|
| _____ | $ _____ | $ _____ | $ _____ |
| | | | (or more) |

*Insert additional claims as needed.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of creditor | Total amount to be paid on the claim | Interest rate (if applicable) |
|---|---|---|
| _____ | $ _____ | _____% |

Specify the amount and frequency of payments and whether disbursed by the trustee or the debtor. _____

Provide a brief statement of the basis for separate classification and treatment. _____

Insert additional claims as needed.

☐ **Other.** An unsecured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

### Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ | $ _____ (or more) |

Insert additional claims as needed.

### Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor as stated below:

*Check the applicable box:*

☒  Upon confirmation of the plan, property of the estate will remain property of the estate, but possession and use of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.

☐  **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☒ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

## Part 9: Signature(s)

**9.1 Signatures of the debtor and the debtor's attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

✗ _____  ✗ _____
Signature of Debtor 1                                         Signature of Debtor 2

Executed on  13 Jan 2023                         Executed on _____
         MM / DD / YYYY                                                  MM / DD / YYYY

✗ _____  Date  1/13/23
Robert R. Meredith, Jr. DC ID #6152                           MM/DD/ YYYY
rm@meredithlawfirm.com
Elizabeth R. Heilig, DC ID #10704
eheilig@meredithlawfirm.com
Meredith Law Firm, LLC
Attorneys for Debtors
4000 Faber Place Drive, Suite 120
North Charleston, SC 29405
(843) 529-9000 (t)
(843) 529-9907 (f)

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

UNITED STATE BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:

Michael Robert Laird

CASE NO: 22-03575-eg

CHAPTER 13

DEBTOR.

CERTIFICATE OF SERVICE

The above-signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The specific list of names and addresses of parties served with this plan is attached to the plan filed with the Court.

**VIA US MAIL**
(see attached list)

**ELECTRONICALLY**
James M. Wyman
Chapter 13 Trustee
PO Box 997
Mt. Pleasant, SC 29465-0997

Date: 1-13-2023

Shawnda Ingram
Legal Assistant for
Robert R. Meredith, Jr., D.C. I.D. #06152
rm@meredithlawfirm.com
Elizabeth R. Heilig, D.C. I.D. #10704
eheilig@meredithlawfirm.com
Meredith Law Firm, LLC
Attorneys for Debtor
4000 Faber Place Drive, Suite 120
North Charleston, SC 29405
Phone: 843-529-9000
Fax:    843-529-9907

```
Label Matrix for local noticing          Ally Chandler, c/o AIS Portfolio Services,   (p)AVANTEUSA
0420-2                                   4515 N Santa Fe Ave. Dept. APS               3600 S GESSNER RD
Case 22-03575-eg                         Oklahoma City, OK 73118-7901                 SUITE 225
District of South Carolina                                                            HOUSTON TX 77063-5357
Charleston
Fri Jan 13 16:47:24 EST 2023

Capital One Bank                         Charleston County Treasurer                  Citi Bank N.A/ The Home Depot
PO Box 30285                             4045 Bridgeview Drive                        P.O. Box 6497
Salt Lake City, UT 84130-0285            North Charleston, SC 29405-7464              Sioux Falls, SD 57117-6497


Clarence O. Taylor IV, Esq.              Clayton Laird                                Credit First
707 Whitlock Avenue Suite D35            c/o W. Henry Clerke, IV, Esq.                PO Box 81315
Marietta, GA 30064-3083                  630 Village Trace, Building 15 Ste E         Cleveland, OH 44181-0315
                                         Marietta, GA 30067-1516


Credit One Bank                          Department of Education/Aidvantage           Ford Motor Credit Comp
PO Box 98873                             PO Box 9635                                  Po Box 542000
Las Vegas, NV 89193-8873                 Wilkes Barre, PA 18773-9635                  Omaha, NE 68154-8000


(p)GRAND CANYON UNIVERSITY               (p)GUILD MORTGAGE COMPANY LLC                Internal Revenue Service
ATTN ATTN OFC OF GENERAL COUNSEL         5887 COPLEY DRIVE                            Centralized Insolvency Operations
PO BOX 11097                             SAN DIEGO CA 92111-7906                      PO Box 7346
PHOENIX AZ 85061-1097                                                                 Philadelphia, PA 19101-7346


Michael Robert Laird                     Robert R. Meredith Jr.                       Merrick Bank Corp
10 Brigadoon Place                       4000 Faber Place Drive                       Po Box 9201
Charleston, SC 29414-7342                Suite 120                                    Old Bethpage, NY 11804-9001
                                         N. Charleston, SC 29405-8585


Michael J. Engel DMD                     Ollo/Cws                                     PRA Receivables Management, LLC
1318 Ashley River Road                   Po Box 9222                                  PO Box 41021
Charleston, SC 29407-5304                Old Bethpage, NY 11804-9222                  Norfolk, VA 23541-1021


Prosper Marketplace                      (p)SOUTH CAROLINA DEPARTMENT OF REVENUE      Synchrony Bank
221 Main St Ste 300                      OFFICE OF THE GENERAL COUNSEL - BANKRUPTCY SECTION   c/o PRA Receivables Management, LLC
San Francisco, CA 94105-1909             300A OUTLET POINTE BLVD                      PO Box 41021
                                         COLUMBIA SC 29210-5666                       Norfolk, VA 23541-1021


Synchrony Bank/Lowes                     Synchrony Bank/Pep Boys                      Truly Nolen of Charleston
Attn: Bankruptcy                         Po Box 965036                                1920 Dunbar Street Ste H
PO Box 965060                            Orlando, FL 32896-5036                       Charleston, SC 29407-6216
Orlando, FL 32896-5060


US Trustee's Office                      Vanessa Moody-Laird                          Vector Security
Strom Thurmond Federal Building          10 Brigadoon Place                           PO Box 89462
1835 Assembly Street                     Charleston, SC 29414-7342                    Cleveland, OH 44101-6462
Suite 953
Columbia, SC 29201-2448
```

W. Henry Clerke IV, Esq.
630 Village Trace Bldg 15, Ste E
Marietta, GA 30067-1516

James M. Wyman
PO Box 997
Mount Pleasant, SC 29465-0997

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Avante USA
3600 S Gessner Road, Suite 225
Houston, TX 77063

Grand Canyon University
3300 W Camelback Rd
Phoenix, AZ 85017

Guild Mortgage Company
5898 Copley Dr Ste 400
San Diego, CA 92111

SC Department of Revenue
Office of the General Counsel Bankruptcy
300A Outlet Pointe Blvd
Columbia, SC 29210-5666

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Truly Nolen of Charleston
1920 Dunbar Street Ste H

(u)Vector Security
PO Box 89462

End of Label Matrix
Mailable recipients    31
Bypassed recipients     2
Total                  33